HENSON v. VETERANS CAB CO. OF FLINT

WITNESSES—PARTY WITNESS—CROSS-EXAMINATION—STATEMENTS TO HOSPITAL.

Restriction of cross-examination of plaintiff in personal injury automobile negligence action about statements relating to her physical condition when she was admitted to hospital before the accident complained of was reversible error; such an inquiry had a direct relation to plaintiff's injuries alleged in the action.

Appeal from Genesee, Elza H. Papp, J.   Submitted Division 2 December 3, 1968, at Lansing. (Docket No. 2,588.)   Decided February 27, 1969. Rehearing denied April 14, 1969.   Leave to appeal granted December 16, 1969.   See 383 Mich 752.

Complaint by Gladys Henson against Veterans Cab Co. of Flint and Eugene Leavy to recover for personal injuries.   Verdict and judgment for plaintiff.   Veterans Cab Co. of Flint appeals.   Reversed and remanded.

*Leitson, Dean, Dean, Abram, Segar & Hart,* for plaintiff.

*Howard C. Fisher,* for defendant Veterans Cab Co. of Flint.

---

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 620 *et seq.*

BEFORE: T. G. KAVANAGH,* P. J., and QUINN and MILLER, JJ.

PER CURIAM. February 18, 1963, plaintiff was a passenger in a taxicab which was struck in the rear by a second vehicle. Suit was commenced against both the cab company and Eugene Leavy, owner-operator of the second vehicle. A jury verdict was returned against both defendants for $12,500.

Defendant cab company appeals and urges as one ground for appellate relief that it was unduly restricted in its right of cross-examination of the plaintiff. The restriction complained of occurred when defendant asked plaintiff if she had not made certain statements relating to her physical condition when she was admitted to the hospital on a prior occasion not related to the present accident. Defendant was precluded from pursuing this line of cross-examination because the hospital records were not in evidence.

This was reversible error. The inquiry was proper and had a direct relation to plaintiff's alleged injuries in this case. Full cross-examination on this point should have been allowed.

Reversed and remanded for new trial with costs to defendant.

---

* THOMAS GILES KAVANAGH, Justice of the Supreme Court, assigned to sit on the Court of Appeals from February 27, 1969, "until the work assigned has been completed" pursuant to Const 1963, art 6, § 4, and CLS 1961, § 600.225, as amended.