LOVEND v WILLIAM BEAUMONT HOSPITAL

1. EVIDENCE—HEARSAY—BUSINESS RECORDS—HOSPITAL RECORDS.

Portions of hospital records which do not pertain to acts, transactions, occurrences, or events incident to the hospital treatment of a patient are not covered by the business records exception to the hearsay rule and are therefore inadmissible; such inadmissible portions should be excluded from evidence.

2. EVIDENCE—HEARSAY—BUSINESS RECORDS—HOSPITAL RECORDS—CAUSE OF INJURIES.

A statement contained in hospital records that a plaintiff patient had been injured in a fall was improperly admitted into evidence in a negligence case in which the plaintiff claimed injury suffered in an automobile collision because the statement had no incidental relation to the plaintiff's treatment at the hospital, and was therefore inadmissible hearsay.

Appeal from Wayne, George E. Bowles, J. Submitted June 23, 1977, at Detroit. (Docket No. 24181.) Decided September 22, 1977. Leave to appeal applied for.

Complaint by Edward J. Lovend against William Beaumont Hospital and John A. Jennings, M. D., for damages for medical malpractice. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur 2d, Evidence § 927 *et seq.*

40 Am Jur 2d, Hospitals and Asylums § 43.

Admissibility of hospital records under Federal Business Records Act (28 USCS 1732(a)). 9 ALR Fed 457.

*Pedersen* (by *Henry J. Maher* and *Timothy C. Scallen),* for William Beaumont Hospital.

*Sullivan, Ranger, Ward & Bone,* for John A. Jennings, M. D.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

PER CURIAM. Plaintiff appeals from a jury verdict of no cause of action in a medical malpractice suit. A motion for new trial made by plaintiff was denied by the trial court.

Recovery of damages was sought for the alleged negligent failure of defendants to discover and treat a hip fracture purportedly received by plaintiff as a result of his involvement in an automobile accident. Defendants attempted to prove at trial that the fracture was not incurred in the accident, but received from some other occurrence. It was defendant's theory that plaintiff probably received the fracture from a fall occurring subsequent to the accident for which defendants administered treatment and, therefore, was nonexistent at the time plaintiff received medical services from defendants.

During the trial plaintiff admitted into evidence certain Miami Veterans Hospital records for the purpose of showing subsequent treatment necessitated by defendants' negligence. Admissibility was predicated upon the business records exception to the hearsay evidence rule. MCLA 600. 2146; MSA 27A.2146. Both plaintiff and defendants agreed at trial that only those portions of the hospital records coming within the exception were to be considered as admissible.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On cross-examination by defendants of a witness for plaintiff, the witness was asked to read a statement from the hospital records. That statement asserted that plaintiff's initial injury occurred from a fall. Plaintiff's objection to the admissibility of that statement was overruled.

It is plaintiff's contention that the trial court erred in admitting the statement into evidence and that the resulting prejudice requires a new trial. Plaintiff bases this claim on the proposition that the statement was history unrelated to treatment and involved a critical, if not ultimate, issue in the case.

In denying plaintiff's motion for new trial, the trial judge determined that the statement to which plaintiff objected was a party admission and, therefore, admissible as an exception to the hearsay evidence rule. Unquestionably, the admissibility of party admissions is well-established. However, the party admission was contained in a business record and, therefore, involves a second level of hearsay that must also come within the business records exception to be admissible. We conclude that this second requirement was *not* met and that the statement was inadmissible hearsay. Further, since it constituted the only substantial proof of an alternative cause of plaintiff's injury, a critical issue in the case, its admission into evidence constitutes prejudicial error requiring a new trial.

Admissible business records may be divided so that inadmissible portions are excluded from the evidence, while admissible material is received into evidence. See *People v Kirtdoll,* 391 Mich 370; 217 NW2d 37 (1974), *Henson v Veteran's Cab Co of Flint,* 384 Mich 486; 185 NW2d 383 (1971), and *Case v Vearrindy,* 339 Mich 579; 64 NW2d 670 (1954). Further, it was established by the Court in

*Case* that those portions of hospital records that do not pertain to acts, transactions, occurrences, or events incident to the hospital treatment constitute inadmissible hearsay. See also *Harrison v Lorenz,* 303 Mich 382; 6 NW2d 554 (1942).

Here, the statement that plaintiff fell had no incidental relation to the treatment received at the Miami hospital. Consequently, it was inadmissible hearsay. The resulting prejudice requires that a new trial be granted to plaintiff. *Cf. Harrison, supra.*

Reversed and remanded for new trial. Costs to abide outcome.